```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 11
BEST VALUE, INC.,               )
                                )    Bankruptcy No. 09-00591
      Debtor.                   )
```

## ORDER RE: APPLICATION FOR WRIT OF
## HABEAS CORPUS AD TESTIFICANDUM

This matter came before the undersigned for telephonic hearing on December 15, 2009. Debtor Best Value, Inc. was represented by Jeffrey Goetz. Attorney John Schmillen appeared for the U.S. Trustee. Attorney Paula Roby appeared on behalf of the Chapter 7 Trustee in Agriprocessors, Inc. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Debtor asks for a Writ allowing Shalom Rubashkin, who is currently incarcerated, to appear to give testimony at a hearing scheduled for December 16, 2009. It asserts Mr. Rubashkin's live testimony is required on the matters raised in its Motion to authorize payment of wages to Mr. Rubashkin.

### FINDINGS OF FACT

Hearing is scheduled for December 16, 2009 on Debtor's Motion for Order authorizing disbursement of funds to pay back wages for July through October 2009 to Mr. Shalom Rubashkin. The amount of the wages is $7,925 per month, or a total of $31,700. U.S. Trustee filed an objection, joined by the Chapter 7 Trustee for Agriprocessors, Inc., asserting Mr. Rubashkin's limited role in this case does not support the amount of compensation requested to be paid.

Mr. Shalom Rubashkin is currently incarcerated in the Linn County Jail in Cedar Rapids, Iowa in connection with a case in U.S. District Court, No. 08-CR-1324. Debtor asserts Mr. Rubashkin is an indispensable witness in the matter of the Motion to pay his wages and his testimony is crucial. It argues that only his live testimony can fully set forth the extent of his contribution to the case and the benefit to the bankruptcy estate. Debtor asks for a Writ to command the U.S. Marshals service to transport Mr. Rubashkin to the U.S. Bankruptcy Court for the December 16, 2009 hearing.

**CONCLUSIONS OF LAW**

A federal court has the discretionary authority, pursuant to 28 U.S.C. § 2241(c)(5), to issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner in federal court. Bistram v. U.S., 248 F.2d 343, 347 (8th Cir. 1957); Annis v. City of Oelwein, 2007 WL 4197956, at *2 (N.D. Iowa Nov. 26, 2007). A prisoner has no constitutional right to appear in civil proceedings. Annis, 2007 WL 4197956, at *2; In re Burrell, 186 B.R. 230, 232 (Bankr. E.D. Tenn. 1995) (citing Price v. Johnston, 334 U.S. 266, 285-86 (1948)).

Most courts consider the eight-prong test set out in Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976), when determining whether to compel a prisoner's presence at a court proceeding through a writ of habeas corpus ad testificandum:

> (1) The costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom;
>
> (2) Any potential danger or security risks which the presence of the prisoner would pose to the court;
>
> (3) Whether the matter at issue is substantial;
>
> (4) The need for an early determination;
>
> (5) The possibility of delaying trial until the prisoner is released;
>
> (6) The probability of success on the merits;
>
> (7) The integrity of the correctional system;
>
> (8) The interests of the inmate in presenting his testimony in person rather than by deposition.

See also Ownby v. Cohen, 2002 WL 1877519, at *4-6 (W.D. Va. 2002); In re Larson, 232 B.R. 396, 399-400 (Bankr. W.D. Wis. 1999). In Burrell, 186 B.R. at 233, the court, in applying these factors, identified a security risk in bringing the incarcerated debtor to the bankruptcy court, "which is housed entirely in a private, high-rise office complex rather than a secure federal courthouse."

There is some debate whether a bankruptcy court has the authority to issue a writ of habeas corpus ad testificandum under

28 U.S.C. § 2241(c)(5).  See In re Cornelious, 214 B.R. 588, 590 (Bankr. E.D. Ark. 1997) (holding the bankruptcy court has no jurisdiction to enter the writ under § 2241).  The bankruptcy court in Larson, 232 B.R. at 398, stated that it would certify the matter to the district court if it appeared the writ should issue.  Likewise, the court in In re Smith, 2007 WL 1199253, at *3 (Bankr. M.D.N.C. April 19, 2007), finding the incarcerated debtor was entitled to testify in a trial on dischargeability, certified a testimonial writ to the U.S. District Court.

Some courts have pointed out that alternatives to granting a testimonial writ exist.  For example, the court in Bistram noted that corroborative testimony of an incarcerated witness was offered in the form of a deposition.  248 F.2d at 347.  The court in Bonner v. City of Prichard, 661 F.2d 1206, 1213 (11th Cir. 1981), noted that when testimonial writs are denied, "counsel may seek leave of court under Fed. R. Civ. P. 30(a) to depose them, and these depositions can be used as a substitute for live testimony at trial under Fed. R. Civ. P. 32(a)(3)."  In Annis, the district court granted an application to depose an inmate with the deposition conducted telephonically.  2007 WL 4197956, at *4.  See also In re Heinze, 2008 WL 6934492, at *2 (Bankr. M.D.N.C. April 23, 2008 (allowing participation in the hearing by telephone); Ownby, 2002 WL 1877519, at *6 (noting the witness could submit documents without making an appearance in court); Larson, 232 B.R. at 399 (same).

                              **ANALYSIS**

Like the situation in Burrell, this Court holds hearings in a private office building rather than in a secure federal courthouse.  The matter at issue, payment of four months wages, is important to M. Rubashkin but not of a level to abandon other considerations.  The Court sees no reason that Mr. Rubashkin's testimony could not be presented by deposition.  Rules 30 and 32 are applicable in this matter.  Fed. R. Bankr. P. 9014(c) (making Rules 7028 through 7037 applicable in contested matters).  These rules allow for depositions to be substituted for live testimony at trial.  The Court concludes, in its discretion, that a testimonial writ is not appropriate in these circumstances.

   **WHEREFORE**, Debtor's Application for Writ of Habeas Corpus Ad Testificandum is DENIED.

   **FURTHER**, the Court grants Debtor leave to present Shalom Rubashkin's testimony by deposition in lieu of live testimony.

**FURTHER**, Debtor shall provide the Court with a copy of the deposition, after which the Court will take appropriate action on the Motion for Order Authorizing Limited Disbursement of Funds (Doc. 133).

**FURTHER**, the hearing scheduled for December 16, 2009 at 11:00 a.m. on the Motion for Order Authorizing Limited Disbursement of Funds (Doc. 133) is CANCELLED.

DATED AND ENTERED: December 15, 2009

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE